# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2020

Lyle W. Cayce
Clerk

No. 20-10131
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Tommy Demond Fannin,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-242-1

Before Southwick, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:*

Tommy Demond Fannin pleaded guilty to illegal possession of a firearm by a convicted felon. He was sentenced to a 78-month term of imprisonment. Fannin now appeals, challenging his sentence.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10131

The facts recounted in Fannin's Presentence Report (PSR) show that Tianay Grey allowed Fannin to borrow her car. Upon Fannin's return, he became upset with Grey and demanded that she give back some money. Grey exited her apartment to retrieve the money, which was in her car. Fannin followed her outside, and he discharged his illegally possessed firearm straight up in the air. Grey became fearful. After she gave the money to Fannin, he took Grey inside, strangled her, and punched her in the eye.

In determining Fannin's guidelines range, the probation officer applied the cross-reference under U.S.S.G. § 2K2.1(c)(1)(A) to U.S.S.G. § 2X1.1(a), which in turn led to the application of U.S.S.G. § 2A2.2, the Guideline addressing aggravated assault. Fannin's objection to the application of § 2K2.1(c)(1) was overruled.

In his sole issue on appeal, Fannin contends that the district court erred in imposing the cross-reference under § 2K2.1(c)(1) because there was no connection between his possession of the firearm and the aggravated assault on Grey. Relying on transcripts of Grey's discussions with police officers, and on police reports, Fannin asserts that he discharged his firearm to keep Grey away from him, left the scene, and then came back, at Grey's request, to return her key. It was only then, he contends, that the aggravated assault occurred, and he argues that the firearm did nothing to facilitate the commission of the aggravated assault.

Pursuant to the commentary to § 2K2.1, subsection (c)(1) applies "if the firearm or ammunition facilitated, or had the potential of facilitating," another offense. § 2K2.1, comment. (n.14(A)). We have stated that the "in connection with" language of § 2K2.1(c) requires a *functional* nexus." *United States v. Mitchell*, 166 F.3d 748, 756 (5th Cir. 1999). Our review of the district court's application of § 2K2.1(c)(1) is de novo, whereas the factual

No. 20-10131

finding of a connection between the firearm and another offense is reviewed for clear error. *See id.* at 754 n.24.

Although there are references in the transcripts to Fannin leaving and coming back, the record does not clearly show that, after discharging the firearm, Fannin departed the scene before he strangled Grey. Because the factfinder's choice between two permissible views of the evidence is not clearly erroneous, *see United States v. Harris*, 740 F.3d 956, 967 (5th Cir. 2014), the district court did not clearly err to the extent it implicitly rejected Fannin's contention that there were two separate encounters.

The PSR establishes that the entire incident occurred at Grey's residence, and police reports show that all of the relevant events, starting with the discharge of the firearm, and culminating in the aggravated assault on Grey, occurred within a few minutes. The record does not indicate that Fannin's possession of the firearm and his commission of the aggravated assault were "geographically, spatially, functionally, [or] logically remote." *Mitchell*, 166 F.3d at 756. In view of the foregoing, the district court's determination that there was a connection between Fannin's possession of the firearm and the aggravated assault on Grey "is plausible in light of the record read as a whole," and is therefore not clearly erroneous. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

AFFIRMED.